IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FREDY O. ALVAREZ QUINTANILLA,

    Petitioner,

vs.

KRISTI NOEM, in their official capacity as Secretary of the United States Department of Homeland Security; MARCO RUBIO, in their official capacity as Secretary of State of the United States; PAMELA BONDI, in their official capacity as Attorney General of the United States; TODD M. LYONS, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; PETER BERG, in their official capacity as St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; and MICHAEL KIRN, in their official capacity as Phelps County Sheriff, Official of Phelps County Jail;

    Respondents.

8:25CV607

ORDER

    This matter is before the Court on Fredy O. Alvarez Quintanilla's complaint and Petition for Writ of Habeas Corpus. (Filing No. 1). Petitioner alleges he was detained following a traffic stop in Platte County, Nebraska on June 19, 2025. (Filing No. 1 at 2). He alleges he remains in civil detention in the custody of Immigration and Customs Enforcement (ICE), a division of the Department of Homeland Security (DHS) at the Phelps County Jail in Holdrege, Nebraska. (Filing No. 1 at 2). Petitioner further alleges he is eligible for release on bond pursuant to an Immigration Judge's order, but that DHS has invoked an automatic stay provision, 8 C.F.R. § 1003.19(i)(2),

which prevents his release pending DHS's appeal of the bond decision. (Filing No. 1 at 6-8). Petitioner alleges his indefinite detention pursuant to the automatic stay provision violates his constitutional due process rights and is ultra vires. (Filing No. 1 at 22-23). Petitioner asks the Court to, among other things, "order Respondents to show cause why this Petition should not be granted within three days[.]" (Filing No. 1 at 25).

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* "The person to whom the writ or order is directed shall make a return certifying the true cause of the detention." *Id.* "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed." *Id.*

The Court cannot say from the face of the application that Petitioner is not entitled to relief. Accordingly, it orders Petitioner to serve his petition and a copy of this Order on Respondents forthwith and file proof of service with the Court. Thereafter, Respondents shall show cause why Petitioner's writ should not be granted, Petitioner may reply, and the Court will hold a hearing on the matter. The Court finds the need to serve Respondents, and the complexity of the legal issues, constitute good cause for the briefing schedule to the extent it allows a response outside the three day return on show cause order provided in 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Petitioner may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**

1. Petitioner shall serve his Petition for Writ of Habeas Corpus ([Filing No. 1](#)) and a copy of this Order on Respondents and file proof of such service with the Court.
2. Respondents shall file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted within three business days after Petitioner serves them.
3. Petitioner shall have three business days from the date of Respondents' response to file a reply.
4. The Court will thereafter set a prompt hearing on this matter.
5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 10th day of October, 2025.

BY THE COURT:

*Susan M. Bazis*
Susan M. Bazis
United States District Judge